# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ROSCOE FLETCHER                                                                                     PETITIONER
ADC #109642

V.                                    No. 4:21-CV-66-LPR-JTR

DEXTER PAYNE,
Director, Arkansas Division of Correction                                                RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Lee Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Rudofsky may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

### I.     Background

On January 19, 2017, a Pulaski County, Arkansas jury convicted petitioner Roscoe Fletcher ("Fletcher") of aggravated residential burglary, theft of property, and aggravated robbery. *State of Arkansas v. Roscoe Fletcher*, No. 60CR-16-1477

(Pulaski Co., Ark. Feb. 25, 2017).[1] Fletcher was sentenced to a total of forty-one years in the Arkansas Department of Correction. *Id.*

Fletcher, through counsel, appealed to the Arkansas Court of Appeals, alleging that "the trial court erred in denying his directed-verdict on the theft of property conviction." *Fletcher v. State*, 2018 Ark. App. 113, 1. On February 14, 2018, the Arkansas Court of Appeals affirmed his convictions. *Id.*

Fletcher did not seek review from the Arkansas Supreme Court. Accordingly, on March 8, 2018, the Court of Appeals issued its Mandate.

On May 4, 2018, Fletcher timely filed a Rule 37 Petition under Arkansas Rule of Criminal Procedure 37.1.[2] After conducting an evidentiary hearing, the trial court denied Rule 37 relief.

The Arkansas Court of Appeals affirmed the denial of Fletcher's Rule 37 Petition and later denied his Petition for Rehearing. *Fletcher v. State*, 2019 Ark. App. 585. The Arkansas Supreme Court denied his Petition for Review and the Mandate

---

[1] Respondent Payne did not attach any of the relevant state court records to his responsive pleading, as required by Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Nevertheless, the Court "may take judicial notice of proceedings in other courts that relate directly to matters at issue." *Great Plains Trust Co. v. Union Pacific R.R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007). Because Arkansas state court records are publicly available on the Arkansas Judiciary's CourtConnect website: caseinfo.arcourts.gov (last visited Feb. 7, 2022), the Court takes judicial notice of the relevant state court records that it has accessed using that website.

[2] The Rule 37 Petition was required to be filed within sixty days of the date the mandate was issued by the Court of Appeals. Ark. R. Civ. P. 37.2(c)(ii).

was issued on February 20, 2020. *Roscoe Fletcher v. State of Arkansas*, No. CR-19-199 (Ark. Ct. App. Feb. 20, 2020).

Fletcher, proceeding without the assistance of counsel, filed this § 2254 habeas action on January 25, 2021. *Doc. 1*. In his Petition, he alleges that:

(1) his trial counsel was ineffective for failing to:

(a) subpoena a witness;

(b) investigate and interview an alibi witness;

(c) impeach the State's witness;

(d) object to hearsay evidence;

(e) raise a "Mistaken Identity Defense;"

(f) challenge the admission of a photo lineup into evidence; and

(g) allow Fletcher to testify at sentencing.

(2) the evidence is insufficient to sustain his convictions; and

(3) his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence.

Respondent Payne filed a Motion to Dismiss, in which he argues that Fletcher's Petition is barred by the applicable statute of limitations. *Doc. 11*. Fletcher has filed a Response. *Doc. 17*. Thus, the issues are joined and ready for disposition.

For the reasons explained below, the Court concludes that Fletcher's habeas Petitioner is barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, the Court recommends that Fletcher's habeas Petition be dismissed, with prejudice.

## II. Discussion

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, including this one, the limitations period begins to run from the later of, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.*

The Arkansas Court of Appeals decided Fletcher's direct appeal on February 14, 2018, and his time to seek review of the decision by the Arkansas Supreme Court expired nineteen days later, on Monday, March 5, 2018. Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2017).[3] Fletcher did not seek review from the Arkansas Supreme Court.

---

[3] During the relevant time period, Rule 2-4(a) of the Rules of the Supreme Court and the Court of Appeals of the State of Arkansas read:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within *18* calendar days from the date of the decision regardless of whether a petition for rehearing is filed with the Court of Appeals.

Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2017) (emphasis added). Eighteen days from February 14, 2018 was Sunday, March 4, 2018. When the last day for filing a petition for review "falls on a Saturday,

4

Therefore, the one-year federal statute of limitations began to run on March 6, 2018, the day after the time expired for Fletcher to seek review from the Arkansas Supreme Court on the Arkansas Court of Appeals' affirmance of his convictions on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires). Fletcher had one year from March 6, 2018, or until March 5, 2019, to initiate this habeas action. Because he did not file his habeas Petition until January 25, 2021, it is now time barred unless the Court determines there was applicable statutory or equitable tolling which extended the one-year limitations period.

**B. Tolling**

*1. Statutory Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State postconviction or other collateral review." 28 U.S.C. § 2244(d)(2). Fletcher filed a state petition for postconviction relief on May 4, 2018.

---

Sunday, or legal holiday, the time for such action shall be extended to the next business day." Ark. R. App. P. Crim. R. 17.

For decisions issued on or after July 1, 2019, the Rule has been modified:

> A petition to the Supreme Court for review of a decision of the Court of Appeals must be electronically filed within 10 calendar days after the end of the Court of Appeals rehearing period.

Ark. Sup. Ct. R. 2-4(a) (Lexis+ 2019).

That Petition was pending until the Arkansas Supreme Court denied his Petition for Review and issued its Mandate on February 20, 2020.

Thus, the period of limitations ran for 58 days, from March 6, 2018 to May 3, 2018; was tolled from May 4, 2018, when Fletcher filed his Rule 37 Petition, until February 20, 2020, when the Arkansas Supreme Court issued its Mandate denying Rule 37 relief; and resumed running on February 21, 2020, and continued to run until January 24, 2021—the day before Fletcher filed his federal habeas Petition, a total of 338 days. When these 338 days are combined with the 58 days that initially ran before Fletcher filed his Rule 37 Petition, a total of 396 days ran against the one-year statute *before* Fletcher initiated this habeas action.

Stated another way, once the period of limitations resumed on February 21, 2020, Fletcher had an additional 308 days[4] to file his federal habeas Petition—or until Monday, December 28, 2020.[5] He did not file his Petition until January 25, 2021.

Accordingly, after crediting Fletcher with all of the applicable statutory tolling, his habeas Petition is untimely under 28 U.S.C. § 2244(d)(1).

---

[4] Because the Year 2020 was a leap year, the Court calculated the statute of limitations period to be 366 days, rather than 365 days.

[5] The deadline for Fletcher to file his federal habeas Petition fell on Friday, December 25, 2020, a legal holiday. Accordingly, he had until the following Monday to file his Petition. Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

### 2. *Equitable Tolling*

The limitations period may be equitably tolled if a habeas Petitioner can show that he pursued his rights diligently, but that some extraordinary circumstances stood in his way and prevented timely filing. *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (*quoting Holland v. Florida*, 560 U.S. 631, 649 (2010)). "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Fletcher does not argue that he is entitled to equitable tolling. Instead, he erroneously argues that "[t]he period between March 5, 2018 and May 4, 2018 totaling 59 days do not apply to the 1 year time limit." *Doc. 17 at 1*. A petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period do not generally constitute extraordinary circumstances warranting equitable tolling. *See Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of understanding of postconviction rules does not justify equitable tolling); *see also Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Accordingly, Fletcher is not entitled to any equitable tolling.

### 3. Actual Innocence

In his habeas Petition, Fletcher makes a passing reference to being actually innocent of the underlying convictions. *Doc. 1 at 6*. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass," to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, the actual innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Fletcher has alleged no "new reliable evidence" and there is no indication of any such evidence in the record. Accordingly, Fletcher is not entitled to the actual innocence exception to overcome the expiration of the statute of limitations. *Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012) (when habeas petitioner fails to present new, reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis.").

### III. Conclusion

Fletcher's Petition is time barred. Accordingly, the Court recommends that Respondent Payne's Motion to Dismiss (*Doc. 11*) be GRANTED, and Fletcher's Petition for Writ of Habeas Corpus (*Doc. 1*) be DISMISSED with prejudice.

## IV. Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court can issue a certificate of appealability only if Fletcher has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)–(2). In this case, Fletcher has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

DATED this 7th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE